SHIRLEY D. SILTON *vs.* LEO J. SILTON & others.

Middlesex.    March 7, 1967. — April 3, 1967.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Contract,* Performance and breach, For counsel fees.    *Attorney at Law.*

Warranted findings of the trial judge in a suit in equity established that a wife was not in default with respect to her obligations under a separation agreement with her husband and that he had without justification withheld payments to her called for in the agreement.   [300]

Where an agreement provided that counsel fees incurred in judicial proceedings to enforce it should "be paid by the non-prevailing party to the prevailing party," this court on appeal in a suit in equity to enforce the agreement, upon determining that the final decree was proper apart from the amount of counsel fees awarded thereby and upon consideration of all the relevant factors, including a trial lasting three days on issues of fact and law which were neither unusual nor especially difficult, reduced the award of counsel fees by the trial judge from $3,000 to $2,000, and directed the judge to determine and add to such reduced award the counsel fees in connection with the appeal.   [300–301]

BILL IN EQUITY filed in the Superior Court on July 16, 1965.

The suit was heard by *Tomasello, J.*

*John F. Lombard* for the defendant Silton.

*Abner R. Sisson* (*Irving Marmer & Camille F. Sarrauf* with him) for the plaintiff.

SPALDING, J.   This bill in equity seeks specific performance of a separation agreement entered into by the parties prior to a decree of divorce in Alabama.   The evidence is reported and the judge made a report of the material facts.

The divorce decree provided that the separation agreement was not merged in the decree but was to survive it. Under one of the provisions of the agreement the husband was to pay the wife $100 a week for her support.   The husband discontinued these payments on May 22, 1964, and the principal objective of this bill is to enforce this obligation. The husband sought to justify the discontinuance of pay-

ments on the ground that prior thereto the wife had failed to perform certain of her obligations under the agreement. The judge found that she had fulfilled her obligations under the agreement and was not in default. A decree was entered ordering a resumption of payments and adjudicating other matters not here material. The decree also ordered the husband to pay to the wife the sum of $3,000 "for counsel fees for the prosecution of these proceedings." From this decree the husband appealed. Thereafter the wife presented a motion that the appeal was groundless and intended for delay and asked that certain provisions of the decree, including the money payments, be complied with notwithstanding the appeal. See G. L. c. 214, § 29. This motion was allowed and the husband claimed an appeal.

The findings of the judge, which were supported by evidence, establish that the wife was not in default and that the husband had without justification withheld the payments to the wife called for in the agreement. Contrary to the husband's contention, the decree did not revise the agreement in providing that as to certain items mentioned in paragraph 7 (d) the wife was excused from performance. In context, this meant only that the wife was not in default under this portion of the contract. We are of opinion that except as to the award of counsel fees the decree was right. The appeal from the order requiring compliance with the decree notwithstanding the appeal does not call for separate discussion.

The husband argues that the award of counsel fees to the wife in the amount of $3,000 was excessive. Paragraph 3 of the agreement provides, in part, that "In the event of any action being brought by a trustee hereunder for the benefit of his beneficiary to enforce any or all of the covenants of this Agreement by judicial proceedings, the prevailing party as to each issue litigated shall pray for . . . his or her costs and counsel fees as an element of damage, and said costs, including counsel fees, shall be paid by the non-prevailing party to the prevailing party." The trial lasted three days and the issues of fact and law were neither

unusual nor especially difficult. Some time, of course, was required in preparing the case for trial. Guided by the principles set forth in *Cummings* v. *National Shawmut Bank,* 284 Mass. 563, 569, and giving consideration to all the relevant factors, we think that the award of counsel fees should not be in excess of $2,000. The final decree is to be modified by striking out the words and figures ''Three Thousand Dollars ($3,000.00)'' in paragraph 10 and substituting therefor ''Two Thousand Dollars ($2,000).''

The wife asks for an award of counsel fees in connection with this appeal. Under the quoted provisions of paragraph 3 she would be entitled to such an award. The final decree is reversed for the limited purpose of enabling the trial judge to determine this matter and when determined the amount is to be included in the final decree. In other respects the decree is to be in conformity with this opinion. The wife is to have costs of appeal.

*So ordered.*